**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TSING MENG Y., (A-Number: 044-763-189) Petitioner, v. WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., Respondents. | No. 1:26-cv-03335 JLT EGC (HC) ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 8) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner Tsing Meng Y. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 12, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition and release Petitioner immediately. (Doc. 8.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 8.) Over 10 days have passed, and no party has filed objections.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and

1

Recommendations are supported by the record and proper analysis.[1] As the Petition explains, Petitioner suffered a criminal conviction in 2019 for "luring a minor" by internet or text and dealing in materials harmful to a minor. (Doc. 1 at 8) Respondents contend that he was charged with two felonies, "Attempt or Conspiracy to Commit an Offense Described in Section l0l(a)" and "Murder, Rape or Sexual Abuse of a Minor." (Doc. 7-1 at 2), although where this information comes from is unclear because the record also indicates that he was charged with "dealing in materials harmful to minor" and "enticement solicit seduce or lure a minor by internet or text." *Id*. at 3. Indeed, the criminal court's charging documents indicate that he was charged with three felonies: and one count of "entice, solicit seduce or lure a minor by internet or text" and two counts of dealing in materials harmful to a minor. *Id*. at 13. He went to trial in 2019 and was convicted on all three counts. *Id*. at 13-15. On June 5, 2019, the court sentenced him to 210 days in jail, 60 months of community service and 48 months of probation. *Id*. at 14. The court also required him to complete "all Sex Offender Conditions," and a "cognitive restructuring program" among other standard requirements. *Id*. at 15. As to the second and third counts, the court suspended the sentence. *Id*. at 14.

On January 22, 2021, an Immigration Judge ordered Petitioner removed to France or Laos but granted him CAT protection from removal to Laos. (Doc. 7-1 at 8) ICE failed to remove Petitioner during the removal period. (Doc. 1 at 2). The petition asserts that France did not accept him because he lacked French citizenship. *Id.* at 8. Thus, in 2021, ICE released Petitioner on terms of supervision despite knowing about the very serious 2019 convictions. (Doc. 1 at 8, 9; Doc. 7-1 at 10-11)

Consequently, the question presented here is whether there have been changed circumstances such to justify his detention. According to the Petition, when he was arrested, ICE claimed Petitioner had not check-in for five years. (Doc. 1 at 3) The petition disputes this, pointing out that his personal report card reflects check-ins each July since 2021, and notes that

---

[1] The Findings and recommendations fail to recite relevant facts about Petitioner's criminal history. Because the Court finds that this information is significantly important, it recites them here in some detail.

he was detained before his July 2026 check-in, so could not have missed a check-in. *Id.* at 9-10. Respondents offer no assertion of a violation or proof that one occurred. The portion of the A File filed does not address at all the terms of Petitioner's supervision nor does it make a claim that he failed to comply with them. Thus, Respondents have failed to provide the Court any evidence that there has been a change of circumstance to justify re-detention or that there is a reasonable likelihood he will be removed in the foreseeable future.

Though the Court has serious concerns about Petitioner's criminal convictions, it is not permitted to manufacture arguments for either party and will not do so. Thus, based upon the foregoing, the Court **ORDERS**:

1.   The Findings and Recommendations issued on May 12, 2026, (Doc. 8), are **ADOPTED** in full.

2.   The petition for writ of habeas corpus is **GRANTED**.

3.   Respondents are **ORDERED TO RELEASE** Petitioner immediately on appropriate terms of supervision.

4.   The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

_____
UNITED STATES DISTRICT JUDGE